IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARRELL LONG,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0087-WS-B |
| | ) |
| **PATTON HOSPITALITY** | ) |
| **MANAGEMENT, LLC,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendant Ironshore Specialty Insurance Company's Motion to Dismiss Plaintiff's Complaint (doc. 35). The court-ordered briefing schedule having expired, the Motion is now ripe for submission.[1]

In his First Amended Complaint (doc. 30), plaintiff, Darrell Long, brought claims against defendants, Patton Hospitality Management, LLC, and Ironshore Specialty Insurance Company, arising from a slip and fall. According to Long's well-pleaded factual allegations, he was an invitee at Escapes! To the Shores Condominium in Orange Beach, Alabama, on February 10, 2015, when he stepped onto a slippery marble flooring, fell down, and hit his head. (Doc. 30, ¶

---

[1] By Order (doc. 37) entered on April 1, 2016, plaintiff's deadline for filing a response to the Motion to Dismiss was set for April 14, 2016. Plaintiff has responded to neither the Motion nor the April 1 Order, and his deadline for doing so has long since expired. Accordingly, plaintiff has waived the opportunity to be heard on Ironshore's pending dispositive motion. That said, plaintiff's failure to respond to Ironshore's Motion to Dismiss neither constitutes a legal abandonment of his claims against Ironshore nor authorizes the reflexive granting of said Motion without examining its merits. *See, e.g., Gailes v. Marengo County Sheriff's Dep't*, 916 F. Supp.2d 1238, 1243-44 (S.D. Ala. 2013) (explaining that "the Court will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss," but that "the Court will review the merits of the defendant's position" instead); *Church v. Accretive Health, Inc.*, 2014 WL 7184340, *7 n.10 (S.D. Ala. Dec. 16, 2014) ("the Court declines to equate plaintiff's failure to respond [to a Rule 12(b) motion] with waiver or abandonment of those claims"). That said, plaintiff's omission is at his peril. The Court will not fill in the blanks with arguments he could have raised but did not.

6.) The First Amended Complaint alleges that the condominium development was managed by, and under the direct control of, Patton Hospitality at the time of this incident. (*Id.*, ¶ 5.) With regard to defendant Ironshore, the only factual allegations in the operative pleading are that (i) Ironshore is an Arizona corporation with its principal place of business in New York, and (ii) during relevant times, Ironshore "had in full force and effect a policy of liability insurance providing coverage to Patton" Hospitality. (*Id.*, ¶¶ 2, 11.) The Amended Complaint alleges a state-law claim that Patton Hospitality was negligent but identifies no specific claim, cause of action or theory of liability against Ironshore.

     As reflected in the pleadings, then, Long is suing Ironshore directly for the purported negligence of Ironshore's insured (Patton Hospitality), not for any acts or omissions of Ironshore itself. The trouble with this configuration is that, as Ironshore's Motion to Dismiss correctly points out, Alabama law forbids direct actions against a liability insurer for the alleged wrongs of an insured whose legal liability has not been fixed by judgment. Indeed, in Alabama, "[a] cause of action against a defendant's liability-insurance carrier does not accrue until a final judgment has been entered against the defendant." *Gillis v. Frazier*, --- So.3d ----, 2014 WL 3796382, *6 (Ala. Aug. 1, 2014).[2] Alabama law leaves no doubt that any claims Long might have against

---

[2]     *See also State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So.2d 643, 648 (Ala. 2004) ("The injured party, however, can bring an action against the insurer only after he has recovered a judgment against the insured ….") (citation omitted); *Knox v. Western World Ins. Co.*, 893 So.2d 321, 324 (Ala. 2004) ("This Court has interpreted § 27-23-1 and § 27-23-2 to preclude an injured party from bringing an action against an insurer before the injured party has recovered a final judgment against the insured."); *Howton v. State Farm Mut. Auto. Ins. Co.*, 507 So.2d 448, 450 (Ala. 1987) (recognizing "the fundamental and well-established general principle that an accident victim (a third party to a liability insurance contract) cannot maintain a direct action against the insurer for the alleged liability of the insured where the legal liability of the insured has not been determined by judgment"); *Ex parte Curry*, 157 So.3d 906, 912 n.1 (Ala.Civ.App. 2014) ("because Curry and Walker had not yet secured a judgment against the alleged tortfeasor, who, in this instance, is MacArthur, they would not have been permitted to sue State Farm to recover the amount of damages for which they alleged MacArthur should be responsible and for which State Farm might be liable under its insurance contract"); *Ex parte Lammon*, 688 So.2d 836, 838 n.2 (Ala.Civ.App. 1996) ("[W]hen the liability of an insurer to pay for injuries suffered by a third party is predicated on the establishment of the liability of its insured to that third party, a direct action by the third party against the insurer is not permitted under Alabama law until the third party has obtained a judgment against the insured.") (citation omitted); Ala. Code § 27-23-2 ("Upon the recovery of a final judgment … for loss or damage …, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance (Continued)

-3-

Ironshore to recover insurance proceeds for the alleged negligence of Ironshore's insured, Patton Hospitality, cannot be brought unless and until Long first obtains a judgment against such insured.  To date, of course, he has not done so.

In light of the foregoing, Long's claims against defendant Ironshore Specialty Insurance Company are not cognizable at this time, and Ironshore's Motion to Dismiss (doc. 35) is **granted**.  Plaintiff's claims against Ironshore are **dismissed without prejudice**.  This action will proceed henceforth solely as to plaintiff's claims against defendant Patton Hospitality Management, LLC.  The Clerk of Court is directed to **terminate** Ironshore Specialty Insurance Company as a party defendant in this matter.

DONE and ORDERED this 26th day of April, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.").